**DISTRICT OF COLUMBIA, A Municipal Corporation, Appellant,**

v.

**YOUNG MEN'S CHRISTIAN ASSOCIATION of the City of Washington, A Corporation, Appellee.**

No. 12243.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 10, 1955.

Decided Jan. 27, 1955.

Mr. Henry E. Wixon, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and George C. Updegraff, Asst. Corp. Counsel, Washington, D. C., on the brief, for appellant.

Mr. Daniel J. Freed, with whom Mr. Albert F. Adams, Washington, D. C., on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The District of Columbia has appealed from a judgment which allowed recovery of certain sums representing nine-elevenths of the total required to redeem appellee's property from sale for nonpayment of a tax assessed in fiscal 1943 against realty owned by the YMCA. The latter claimed exemption pursuant to Private Law 1026, 81st Congress, 2d Sess.[1] Commencing in 1942, appellee erected an eleven story building on Lot 809, Square 169 in the District of Columbia, nine floors being occupied and used for the purposes[2] of the YMCA and the remaining two floors being rented to a commercial enterprise.

The District argued that the words "accrued liability * * * for taxes imposed" appearing in Section 2 of the 1950 Act could not relate back to the tax year 1943. Appellee contended that it had been exempt from real estate taxation since it was chartered by Congress in 1864, and that except for the tax year 1943, the District had never assessed nor sought collection of a tax. The District argued that its failure to tax over some fifty or more years was due to its mistaken belief that an exemption had been accorded to this appellee in 1894 when in fact, the exemption had been granted to a different entity, the newly formed Young Men's Christian Association of the District of Columbia.

Where the language of the 1950 Act is ambiguous and the intent of Congress is in doubt, we are permitted to examine the legislative history. We have done so.

On August 14, 1950, Mr. McMillan from the Committee on the District of Columbia submitted House Report No. 2912 to accompany H.R. 8797 which

---

1. Act of September 27, 1950, 64 Stat. (Part II) A250, ch. 1086, which provides: "That all property belonging to the Young Men's Christian Association of the District of Columbia, incorporated June 6, 1892, under the general corporation laws of the District of Columbia, or to the Young Men's Christian Association of the City of Washington, incorporated by Act of Congress, approved June 28, 1864 (13 Stat.L. 411), used and occupied by said associations, shall, so long as the same is so owned and occupied, be exempt from taxation, national and municipal: *Provided*, That where ground of said associations, or either of them, is larger than is reasonably required for them or its use, or is not actually used for the legitimate purposes of said associations, or if said ground or buildings as shall not actually be used for the purposes of said associations and from which they derive a rent or income, such portion of the same, or a sum equal in value to such portion, shall be taxed against such associations.

"Sec. 2. The Young Men's Christian Association of the City of Washington, incorporated by Act of Congress, approved June 28, 1864 (13 Stat.L. 411), is hereby relieved from any accrued liability to the United States or the District of Columbia for taxes imposed upon any of the property of such association located in the District of Columbia for any tax period during which such property was occupied and used by such association for its legitimate purposes."

2. Defined by its original charter to be "religious, moral, educational, and benevolent purposes".

disclosed the existence of two corporate entities one, the appellee, Young Men's Christian Association of the City of Washington, chartered by Congress on June 28, 1864, 13 Stat. 411, and the other, the Young Men's Christian Association of the District of Columbia, incorporated June 6, 1892, under the general corporation laws of the District. By the Act of August 6, 1894 [3] real property of the latter was specifically exempted from taxation. The report makes clear that "The proposed bill H.R. 8797 is designed to place the Young Men's Christian Association of the City of Washington in the same position with respect to exemption from real estate taxes as that which is enjoyed by the Young Men's Christian Association of the District of Columbia," and concludes: "The second paragraph of the bill H.R. 8797 makes this legislation retroactive to August 6, 1894, and would confer legal authority in the District of Columbia for exempting properties of the Young Men's Christian Association of the City of Washington from taxes as they have done under erroneous authority since this date." Mr. McMillan explained on the floor that "the puropse of the bill is to exempt only the building from taxation. They have been exempted for 60 years. However, this year the Tax Assessor has levied a tax on the YMCA Building." [4] A colleague expressed the hope that "when this bill gets to conference" provision might be made that a commercial restaurant in the building, operated for profit, "should pay the same taxes that any other restaurant * * * pays." Mr. McMillan: "I agree with the gentleman and will work to correct that situation if it does exist." [5] Thereupon, the bill was passed containing a sentence: "This amendment shall be effective as of August 6, 1894." [6]

On August 28, 1950, Senator Hunt from the Committee on the District of Columbia submitted Senate Report No. 2451 to accompany H.R. 8797, recommending favorable action but with an amendment striking out the effective date "as of August 6, 1894" and inserting in lieu thereof the language now appearing as Section 2. [7] The report concluded: "The purpose of this bill is to exempt the property of the Young Men's Christian Association of the City of Washington from taxation." Senator Hunt explained as to the use of the property: "A part of it is leased, and taxes are paid upon the part which is leased." [8]

Following affirmative Senate action, the bill was again taken up in the House on September 15, 1950. The Senate amendments were explained by Mr. McMillan who concluded: "All the bill does is to exempt the YMCA from paying taxes in the District of Columbia which they have never paid. Some regulation came up this year compelling them to pay taxes unless this resolution is agreed to * * *." [9] The bill was then passed in its present form.

 The District strenuously argues that the language of the Act had reference only to prospective exemption and to relief for a tax assessed in the year 1950. The original House language would have granted total exemption, effective in 1894 and thereafter. The Senate sought to achieve the same result except as to so much of the property as might be leased for commercial purposes. We believe the legislative intent is clear, that the realty used for the purposes of the YMCA was to be tax exempt, for the year 1943 as for all other years. Monies paid to redeem the premises from the consequences of the tax sale were in the same status as

3. 28 Stat. 999, D.C.Code § 47–817 (1951).

4. 96 Cong.Rec. 12453.

5. Ibid.

6. Ibid.

7. See note 1, supra.

8. 96 Cong.Rec. 14658.

9. 96 Cong.Rec. 14935.

the tax itself, so far as the objective of Congress was concerned.

██ One more point: it is true, as the District contends, that at the beginning of the tax year the District authorities could not know that the building was to be "occupied and used by such association for its legitimate purposes." The District's argument comes to this, that the exemption Congress sought to grant must fail because the building could not be occupied and used while it was being built. It is sufficient to say that Congress in 1950 was trying to relieve the YMCA from whatever tax liability could be said to have "accrued" during the tax year 1943 which was the only year for which a tax was assessed. Cases dealing with current year situations simply do not apply for Congress sought to reach retroactively not only that particular tax year of 1943 but any other for which a tax liability had accrued or might have been asserted. We cannot say that Congress failed of so much of its purpose when all it was willing to permit the District to tax was YMCA ground larger than is reasonably required for its use, or not actually serving its purposes, or, more specifically, such "ground or buildings as shall not actually be used for the purposes of said associations and from which they derive a rent or income * * *." [10]

Thus, that portion which was commercially leased was to be subject to tax, in 1943, or any other year. Since two floors of the eleven story building in 1943 were so leased, the District Court by rough rule of thumb, limited recovery to "nine-elevenths" of the tax paid for that year. In the light of the Congressional purpose, we believe the District Court correctly interpreted the statute.

We deem it unnecessary to comment on remaining contentions of the parties as to which, however, we find no error.

Affirmed.

[10]. See note 1, *supra.*